798 F.2d 471
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Henry SNEED, Jr., Petitioner-Appellant,
v.
Steve NORRIS, Commissioner, Tennessee Department of
Correction, Respondent-Appellee.
 No. 85-5953.
 United States Court of Appeals, Sixth Circuit.
 June 3, 1986.
 
 Before KENNEDY and MILBURN, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner-appellant, John Henry Sneed, Jr., appeals the order dismissing his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2854. On May 30, 1975, a jury in the Criminal Court of Hamilton County, Tennessee convicted petitioner for the first degree murders of Rufus Watts and Mary Johnson. For a thorough discussion of the underlying facts, see Sneed v. State, 546 S.W.2d 254 (Tenn.Crim.App.1976). The court sentenced petitioner to two consecutive terms of life imprisonment. The Court of Criminal Appeals of Tennessee affirmed petitioner's convictions. Sneed v. State, supra. The Supreme Court of Tennessee denied certiorari.
 
 
 2
 Petitioner filed a petition for post-conviction relief in the trial court. The trial court dismissed the petition. The Court of Criminal Appeals of Tennessee affirmed. The Supreme Court of Tennessee denied petitioner's application for leave to appeal. On June 3, 1985, petitioner filed this petition for habeas corpus relief in the United States District Court for the Eastern District of Tennessee. The District Court dismissed the petition on September 13, 1985.
 
 
 3
 On appeal, petitioner raises four issues: (1) Whether petitioner's confession was involuntary under the totality of the circumstances; (2) Whether defense counsel's deficient performance deprived petitioner the effective assistance of counsel; (3) Whether the trial court's instruction on intent violated the petitioner's due process rights; and (4) Whether alleged prosecutorial misconduct during closing argument deprived petitioner due process. For the reasons stated below, we affirm the District Court's order dismissing the petition for a writ of habeas corpus.
 
 I.
 
 4
 Initially, petitioner argues that his confession was not voluntary. Petitioner contends Detectives James M. Davis and Lloyd G. Lemley of the Chattanooga, Tennessee Police Department illegally arrested and detained him in California on the basis of two Tennessee arrest warrants that Davis and Lemley allegedly obtained without probable cause. Petitioner alleges that his confession occurred during an ensuing illegal detention. Petitioner further contends he confessed to the murders shortly after Davis promised him a low bail bond if he confessed. Petitioner maintains that Davis and Lemley did not allow him to see his attorney while they held him in custody in Federal Agent David L. Paige's office.
 
 
 5
 Petitioner argues that the District Court erroneously applied 28 U.S.C. Sec. 2254(d), which presumes the state court findings of fact are correct in a federal habeas corpus proceeding unless one of eight enumerated exceptions applies. Petitioner contends that under Miller v. Fenton, 106 S.Ct. 445 (1985), the District Court should have conducted a hearing on the question of the voluntariness of his confession. In Miller v. Fenton, the Supreme Court held that federal courts may not apply the presumption of correctness contained in 28 U.S.C. Sec. 2254(d) to a state court finding that a confession was voluntary. The Supreme Court reaffirmed that "the ultimate question whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution is a matter for independent federal determination." Id. at 451. The Court, however, also stated:
 
 
 6
 To be sure, subsidiary factual questions, such as whether ... the police engaged in the intimidation tactics alleged by the defendant ... are entitled to the Sec. 2254(d) presumption. And the federal habeas court, should, of course, give great weight to the considered conclusions of a coequal state judiciary.
 
 
 7
 Id. (citations omitted). Since the District Court decided this case before the Supreme Court decided Miller v. Fenton, the District Court's opinion does not mention Miller v. Fenton. Nevertheless, we conclude that the District Court applied the proper standard.
 
 
 8
 Although the District Court did not conduct an evidentiary hearing, an examination of the District Court's opinion establishes that the District Court made an "independent federal determination." The District Court's opinion states: [T]he Court has reviewed the record and has determined that the petitioner's statement was voluntarily made." The District Court observed that the state trial court heard arguments on the voluntariness of petitioner's conviction outside the hearing of the jury and made the following factual findings,[1] which the Court of Criminal Appeals upheld.
 
 
 9
 (1) That sufficient warnings consistent with Miranda were given to the defendant;
 
 
 10
 (2) That the defendant knowingly waived these rights;
 
 
 11
 (3) That the defendant talked with an attorney of his own selection;
 
 
 12
 (4) That after speaking with his attorney the defendant proceeded to waive his rights and give his confession; and
 
 
 13
 (5) That his attorney did not have any communication with the police officers in attendance.
 
 
 14
 (Citation omitted). We conclude that the above findings are "subsidiary factual questions" which "are entitled to the Sec. 2254(d) presumption." The District Court concluded: "After reviewing the record in this case relating to the defendant's confession the Court concludes that the confession of the defendant was voluntarily given." We agree.
 
 
 15
 In his brief, petitioner admits that trial counsel did not raise the question of an illegal arrest at trial. Consequently, the state trial judge treated the issue as waived in the order denying petitioner's request for post-conviction relief. Given the state procedural waiver, the District Court could not consider the issue absent a showing of "cause" or "prejudice." See Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Furthermore, the State's proof directly contradicted petitioner's claim and that Davis and Lemley did not permit him to see his attorney before he made his confession, regarding the factual circumstances surrounding his confession. Davis denied that he or anyone else promised petitioner a low bond in exchange for his confession. Davis testified that petitioner did not ask him about bond until after petitioner had completed his statement. Davis admitted that he told petitioner that he would not oppose a reasonable bond since petitioner had cooperated. Federal Agent Paige's testimony corroborated Davis' testimony. Finally, Robert Michaels, petitioner's attorney in California at the time of the arrest, testified that he talked to petitioner over the telephone before petitioner gave his confession. Consequently, we affirm the District Court's conclusion that petitioner's confession was voluntary.
 
 II.
 
 16
 Second, petitioner contends that defense counsel's deficient performance denied him the effective assistance of counsel. Petitioner maintains that trial counsel was physically and mentally addicted to drugs, including cocaine, during petitioner's trial, that trial counsel did not properly advise petitioner of his legal rights concerning his confession and did not attempt to suppress the confession, that counsel did not object to introduction into evidence of the confession even though the assistant district attorney suggested an out-of-jury hearing, and that although appellate counsel raised the ineffective assistance of counsel issue during a motion for a new trial, appellate counsel failed to assign the issue as error during direct appeal.
 
 
 17
 In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-part test for evaluating ineffective assistance of counsel claims. Initially, petitioner must establish that counsel's performance was deficient. Second, petitioner must show that counsel's deficient performance prejudiced the defense and deprived petitioner of a fair trial whose result was reliable. Id. at 687. Even assuming that trial counsel's addiction to drugs, trial counsel's failure to file a motion to suppress petitioner's confession, or appellate counsel's failure to raise the ineffective assistance of counsel issue establishes deficient performance, petitioner has not shown prejudice. In Strickland v. Washington, the Supreme Court stated: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Given the overwhelming evidence in this case, petitioner has not shown a reasonable probability that absent any unprofessional performance the result would have been different.
 
 III.
 
 18
 Third, petitioner argues that the state trial court's instruction on intent deprived him due process. During the instruction on intent, the trial court stated: "The law presumes a man intends what he does, and the usual and natural consequences of his acts."[2] In Sandstrom v. Montana, 442 U.S. 510, 512 (1979), the Supreme Court held that a jury instruction, which stated that "[t]he law presumes that a person intends the ordinary consequences of his voluntary acts," violated the due process clause's requirement that the state prove every element of a criminal offense beyond a reasonable doubt. See also Francis v. Franklin, 105 S.Ct. 1965, 1972 (1985). Given the similarity between the instruction in this case and the instruction in Sandstrom v. Montana, the District Court correctly concluded that the instruction on intent violated the due process clause.
 
 
 19
 Respondent, however, argues that the erroneous instruction qualifies as harmless error. The District Court agreed. In Sandstrom v. Montana, the Supreme Court specifically declined to reach the question whether such an unconstitutional instruction could constitute harmless error. 442 U.S. at 526-27. In Connecticut v. Johnson, 460 U.S. 73 (1983), the Supreme Court considered the question but could not reach a consensus. Justices Blackmun, Brennan, White, and Marshall took the position that an unconstitutional instruction might constitute harmless error in "rare situations." Id. at 87 (Blackmun, J.) (plurality opinion). Justices Powell, Burger, Rehnquist, and O'Connor agreed that an unconstitutional instruction would be harmless when "the evidence was so dispositive of intent that a reviewing court can say beyond a reasonable doubt that the jury would have found it unnecessary to reply on the presumption." Id. at 97 n. 5 (Powell, J., dissenting). Justice Stevens did not reach the harmless error issue. Id. at 88 (Stevens, J., concurring in the judgment). See also Francis v. Franklin, supra at 1977 (citation omitted) ("This Court has not resolved whether an erroneous charge that shifts a burden of persuasion to the defendant on an essential element of an offense can ever be harmless.").
 
 
 20
 Although the Supreme Court has not conclusively resolved the question whether a Sandstrom instruction can constitute harmless error, this Court has held that harmless error analysis applies to such errors. See Martin v. Foltz, 773 F.2d 711, 719 (6th Cir.1985); Engle v. Koehler, 707 F.2d 241, 246 (6th Cir.1983), aff'd by an equally divided Court, 466 U.S. 1 (1984) (per curiam); Conway v. Anderson, 698 F.2d 282, 285-86 (6th Cir.), cert. denied, 462 U.S. 1121 (1983); Krzeminski v. Perini, 614 F.2d 121, 125 (6th Cir.), cert. denied, 449 U.S. 866 (1980). We note that Justice Blackmun cited Krzeminski v. Perini, supra, with approval in the plurality opinion in Connecticut v. Johnson, 460 U.S. at 87 (Blackmun, J.) (plurality opinion).
 
 
 21
 In Conway v. Anderson, supra, this Court stated that a Sandstrom instruction's prejudicial effect depends upon the defense asserted at trial. When the defendant asserts lack of intent, a Sandstrom instruction has the effect of relieving the prosecution of proving an element of the crime. In contrast, when the defense relies upon alibi, mistaken identity, or non-participation, the prejudicial effect diminishes especially when the evidence negates any reasonable possibility that the perpetrator lacked the requisite intent or malice. 698 F.2d at 285. See also Engle v. Koehler, supra.
 
 
 22
 Since harmless error analysis applies in this Circuit, we hold that the Sandstrom instruction was harmless error in this case. The District Court concluded that the Sandstrom instruction was harmless because "intent was not a disputed element of the crime and was never really an issue at trial." petitioner argues that the instruction cannot constitute harmless error because his confession raised the issue of intent. In his confession, petitioner claims that he shot Johnson accidentally and killed Watts in self-defense. At trial, however, petitioner recanted his confession. Instead, petitioner asserted that he did not kill the victims and that he was not present when the murders occurred. Since the evidence at trial proved that both victims were shot in the back of the head, no reasonable jury could accept the confession's version of the events. Johnson's wound indicated that she was killed by a shot from a gun that had been placed directly against the back of her skull. The photographs and testimony regarding the position of Watts' body indicate that he was shot from behind while walking down the hallway of his house while holding an afternoon paper and a pack of cigarettes. Even accepting petitioner's argument that the repudiated confession was an alternative defense, we hold that the Sandstrom instruction was harmless error in this case.
 
 IV.
 
 23
 Finally, petitioner argues that the prosecuting attorney's closing argument violated his constitutional rights. In his brief, petitioner points to five improper comments. Petitioner, however, only objected to one of these comments. The District Court also considered two other comments that petitioner originally objected to but has not mentioned in his brief. Since petitioner only objected to three comments, the Tennessee courts refused to consider petitioner's objections to other comments on direct appeal and in his motion for a new trial. Similarly, we cannot review those claims. Wainright v. Sykes, 433 U.S. 72 (1977). Petitioner, however, did object to three statements that the prosecuting attorney made during closing arguments.
 
 
 24
 Since this case arises in a habeas corpus context, we must determine whether the prosecuting attorney's closing arguments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). See also Cook v. Bordenkircher, 602 F.2d 117, 119 (6th Cir.), cert. denied, 444 U.S. 936 (1979) (citations omitted) ("Prosecutorial argument must be so egregious so as to render the entire trial fundamentally unfair."). In Summitt v. Bordernkircher, 608 F.2d 247, 253 (6th Cir.1979), aff'd sub nom. Watkins v. Sowders, 449 U.S. 341 (1981), this Court stated: "That point at which improper argument amounts to a constitutional deprivation can only be defined by reference to the totality6 of the circumstances of the particular case." In United States v. Leon, 534 F.2d 667 (6th Cir.1976), this Court identified the factors we will consider in determining the extent of prosecutorial conduct:
 
 
 25
 In every case, we consider the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they were isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proofs introduced to establish the guilt of the accused.
 
 
 26
 Id. at 679 (citation omitted). See also Angel v. Overberg, 682 F.2d 605, 608 (6th Cir.1982) (en banc) (habeas corpus case). After applying these factors and given the strict standard for reversal in a habeas corpus context, we hold that the prosecutor's statements did not deprive petitioner due process so as to require a new trial. The prosecuting attorney's comments were neither so pervasive nor so prejudicial as to deny petitioner a fair trial.
 
 
 27
 Accordingly, we affirm the District Court's order dismissing the petition for habeas corpus relief.